Sevan Gobel, Esq. (SBN: 221768)
sgobel@lbbklaw.com
LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd., Suite 1000
Los Angeles, CA 90017
Telephone: (213) 817-9152
Facsimile: (213) 817-9154

Attorneys for Defendant
COSTCO WHOLESALE CORPORATION

LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA 90017

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

MICHELLE LEE MILLISON, an individual,

Plaintiff,

vs.

COSTCO WHOLESALE CORPORATION, a corporation; and DOES 1-100, inclusive,

Defendants.

**CASE NO.**

**DEFENDANT COSTCO WHOLESALE CORPORATION NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1332, 1441(b)**

[Filed Concurrently with the Declaration of Sevan Gobel; Notice of Interested Parties]

State Action filed: 7/15/2022

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

PLEASE TAKE NOTICE that Defendant COSTCO WHOLESALE CORPORATION ("COSTCO"), hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. sections 1332 and 1441(b) and removes Case No. 22AVCV00502 (the State Court Action) from the Superior Court of the State of California, County of Los Angeles.

LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA 90017

## I. PLEADINGS AND PROCEEDINGS TO DATE

1. On July 15, 2022, the State Court Action was commenced in the Superior Court of the State of California in and for the County of Los Angeles under Case No. 22AVCV00502. In the State Court Action, Plaintiff MICHELLE LEE MILLISON set forth causes of action for: (1) Premises Liability; and (2) Negligence against Defendants COSTCO WHOLESALE and DOES 1 through 100.

2. On July 29, 2022, Plaintiff served COSTCO with the Summons and Complaint in the State Court Action. True and correct copies of the Summons and Complaint are attached as Exhibit A to the Declaration of Sevan Gobel (Gobel Decl.) filed concurrently herewith. Gobel Decl. ¶ 3.

3. On August 09, 2022, COSTCO filed and served an Answer to the Complaint in the State Court Action. A true and correct copy of COSTCO's Answer is attached as Exhibit B to the Gobel Declaration filed concurrently herewith. Gobel Decl. ¶ 4.

4. Plaintiff's Complaint is silent as to the amount in controversy or monetary damages. Gobel Decl. ¶ 5; see Complaint, passim (Gobel Decl., Exhibit A).

5. On August 23, 2022, Plaintiff served a Statement of Damages on Defendant. A true and correct copy of Plaintiff's Statement of Damages is attached as Exhibit C to the Gobel Declaration filed concurrently herewith. Gobel Decl. ¶ 6.

6. On September 13, 2022, Plaintiff served responses to Form Interrogatories, Set One, wherein plaintiff stated in response to Interrogatory No. 2.5 that her present residence is located at 44461 Fenhold St., Lancaster, CA 93535. She has lived at this residence since 2011. Gobel Decl. ¶ 7. On September 13, 2022, Plaintiff served responses to Request for Admissions, Set One, wherein she admitted to being a citizen of the State of California and resident of Los Angeles County. Gobel Decl. ¶ 8.

LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA 90017

## II. TIMELINESS OF REMOVAL

7. When a case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained the case is subject to removal. 28 U.S.C. § 1446(b)(3).

8. Here, COSTCO learned on August 23, 2022, the amount in controversy exceeded the requirement for Federal diversity jurisdiction, as Plaintiff's Statement of Damages states that she is seeking the sum of which is unknown at this time in combined special and general compensatory damages. Gobel Decl. ¶ 6; Exhibit C.

9. As such, this Notice of Removal is timely filed in that it has been filed within thirty (30) days after receipt by COSTCO of an "other paper" (i.e., Plaintiff's Statement of Damages) on August 23, 2022, from which it could first be ascertained that the case is removable, pursuant to 28 U.S.C. § 1446(b), and within one year of the filing of the Complaint.

## III. DIVERSITY JURISDICTION

10. Diversity is present when an action is between citizens of a state and citizens or subjects of a foreign state, or between citizens of different states and in which citizens or subjects of a foreign state are additional parties. 28 U.S.C. § 1332.

11. Citizenship of the parties in the State Court Action is determined by their citizenship status at the State Court Action's commencement. See Mann v. City of Tucson, 782 F.2d 790, 794 (9th Cir. 1986).

12. To establish citizenship for diversity purposes, a natural person must first be a citizen of the United States and a domiciliary of one particular state. Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989); Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1099, 1090 (9th Cir. 1983).

LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA 90017

13. Here, Plaintiff stated in response to discovery that she resides at 44461 Fenhold St., Lancaster, CA 93535. Gobel Decl. ¶ 7; Exhibit D. Plaintiff also admitted to being a citizen of the State of California and resident of Los Angeles County. Gobel Decl. ¶ 8; Exhibit E.

14. For purposes of diversity, a corporation is considered a citizen of any state in which it is incorporated and where it has a principal place of business. 28 U.S.C. § 1332(c)(1).

15. Defendant COSTCO both at the time this action was commenced and at the time it was removed to Federal Court, is a citizen of the State of Washington within the meaning of Section 1332(c)(1), because it was at all times a corporation formed under the laws of the State of Washington, and a citizen of the State of Washington because its corporate headquarters and principal executive offices, and thus its principal place of business, are located in Issaquah, Washington. Gobel Decl. ¶ 9.

16. Defendants DOES 1 to 100 are wholly fictitious. The Complaint does not set forth the identity or status of any said fictitious defendants, nor does it set forth any charging allegation against any fictitious defendants. The naming of said fictitious defendants does not destroy the diversity of citizenship between the parties in this action and are to be disregarded. 28 U.S.C. § 1441(a); Newcombe v. Adolf Coors Co., 157 F.3d 686, 690-91 (9th Cir. 1998).

17. As such, there is complete diversity of citizenship because this action is brought between citizens of different states under the definition of 28 U.S.C. § 1332.

## IV. AMOUNT IN CONTROVERSY

18. Where a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need only establish that it is more probable than not that the plaintiff's claim exceeds the jurisdictional minimum. Sanchez v. Monumental Life Ins. Co., 95 F.3d 856, 860-61 (9th Cir. 1996).

LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA 90017

19. In determining whether the amount in controversy exceeds $75,000, the Court must presume the plaintiff will prevail on each and every one of his claims. Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F.Supp.993, 1001 (C.D. Cal. 2002), citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes "plaintiff prevails on liability") and Angus v. Shiley Inc., 989 F.2d 142, 146 (3d Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). The argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. Cohn v. Petsmart, Inc., 281 F.3d 837, 843 n.1 (9th Cir. 2002), citing Willingham v. Morgan, 395 U.S. 402, 407 n.3 (1969).

20. In this case, Plaintiff's Complaint alleges that Plaintiff suffered injuries when she slipped on the premises of the COSTCO's retail store located in Lancaster, California on or about April 23, 2020. Complaint, ¶¶ 8, 13 and 14 (Exhibit A).

21. Plaintiff's Statement of Damages states that she is seeking damages in the total sum of $1,066,036.77 for special and general compensatory damages. Gobel Decl. ¶ 6; Exhibit C.

22. As such, the amount in controversy as to Plaintiff's claims exceeds the jurisdictional amount of $75,000.

## V. VENUE

23. Venue of the State Court Action lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(a) and 1391(c) because this is the judicial district of this Court in which the action arose and where the causes of action arose.

/ / /

/ / /

LAGASSE BRANCH BELL + KINKEAD LLP
626 Wilshire Blvd, Suite 1000
Los Angeles, CA 90017

24. COSTCO will provide written notice of the filing of this Notice of Removal to adverse parties as required by 28 U.S.C. section 1446(d) and will file a copy with the Clerk of Court of the Superior Court of California, County of Los Angeles. Gobel Decl. ¶ 10.

25. COSTCO is currently represented by the undersigned attorney and agrees to this Notice of Removal.

WHEREFORE, Defendant COSTCO removes the above-entitled action now pending in the Superior Court of the State of California for the County of Los Angeles to this Court, and that this Court assume full jurisdiction over this action as provided by law.

Dated: September 14, 2022

LAGASSE BRANCH BELL + KINKEAD LLP

By: ______________________
Sevan Gobel, Esq.
Attorneys for Defendant
COSTCO WHOLESALE CORPORATION